Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| MIKEL ARLEQUÍN SÁNCHEZ Recurrente v. DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN Recurrido | TA2026RA00331 | Revisión administrativa procedente del Departamento de Corrección y Rehabilitación Revisión administrativa núm.: CDB-338-26 CDB-286-26 CDB-319-26 |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pérez Ocasio y la Jueza Trigo Ferraiuoli

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de junio de 2026

Como se explica a continuación, procede la desestimación del recurso de referencia porque el recurrente no acreditó que la agencia recurrida haya emitido una decisión final que sea revisable por este Tribunal.  Veamos.

I.

El 16 de junio de 2026, el Sr. Mikel Arlequín Sánchez (el "Recurrente"), miembro de la población correccional, suscribió, por derecho propio, el recurso que nos ocupa.  Alega que ha presentado un número de Solicitudes de Remedio Administrativo (las "Solicitudes") ante el Departamento de Corrección y Rehabilitación ("Corrección"), a las cuales se les asignaron los siguientes números: Núm. CDB-286-26, CDB-319-26 y CDB-338-26.

El Recurrente asevera que, a través de la Solicitudes, planteó que, desde febrero de 2026, trabaja en la brigada de ornato del Municipio de Toa Alta.  Arguye que, de conformidad con la Ley 166-2009, según enmendada por la Ley 60-2025, debe recibir

una compensación no menor del "salario mínimo estatal vigente" ($10.50 por hora). No obstante, afirma que se le ha pagado solamente $5.00 diarios.

Como anejos, el Recurrente acompañó las copias de dos de las solicitudes y de las respuestas emitidas por los correspondientes Evaluadores. En una de las respuestas, se le explicó que la ley solo requiere que se le pague el salario mínimo cuando la contratación sea con el sector privado. Disponemos.

II.

En conexión con el proceso de remedios administrativos, una decisión de Corrección no es final y revisable por este Tribunal hasta que el (o la) Coordinador(a) resuelva la "reconsideración". Véase, por ejemplo, Sentencia de 30 de junio de 2016, *Vega Feliciano v. Departamento de Corrección y Rehabilitación*, KLRA201600453.

Por tanto, este Tribunal no tiene jurisdicción para revisar las respuestas iniciales emitidas por el (o la) "Evaluador(a)" a las solicitudes de remedios administrativos presentadas por un miembro de la población correccional. En vez, el confinado debe esperar a tener una decisión del (o la) Coordinador(a), la cual, de ordinario, sí sería revisable ante este Tribunal.

El Reglamento 8583 de Corrección (*Reglamento para atender las solicitudes de remedios administrativos radicadas por los miembros de la población correccional*) ("Reglamento 8583") dispone, ante una solicitud de remedio, que un "Evaluador" de Corrección emitirá una "Respuesta", en la cual "contesta la solicitud de[] remedio". Regla IV (20) del Reglamento 8583, *supra.*

De dicha respuesta, el confinado puede solicitar "revisión" a un "Coordinador", quien deberá emitir una "Resolución" que contenga "un breve resumen de los hechos que motivaron la solicitud, el derecho aplicable y la disposición o solución a la

controversia planteada". Regla IV(21) y (23), y Regla XIV(1) del Reglamento 8583, *supra.*

Por su parte, nuestra jurisdicción para atender un recurso de revisión judicial se limita, como norma general, a la revisión de una "orden o resolución final de una agencia", luego de que se hayan "agotado todos los remedios provistos por la agencia". 3 LPRA 9672. Asimismo, la Ley de la Judicatura (Ley 201), dispone en su Artículo 4.006 (c) que este Tribunal revisará mediante el recurso de revisión judicial las decisiones, órdenes y resoluciones <u>finales</u> de organismos o agencias administrativas. 4 LPRA sec. 24y. Esta orden o resolución final debe "incluir y exponer separadamente determinaciones de hecho … [y] conclusiones de derecho …". 3 LPRA 9654; *Comisionado Seguros v. Universal,* 167 DPR 21 (2006); véase, además, *Bennett v. Spear,* 520 US 154 (1997).

Así pues, la disposición **final** de la decisión de la agencia es requisito básico y jurisdiccional para que este foro pueda ejercer su función revisora. Para que una orden o resolución se considere final, la misma debe ser emitida por la última autoridad decisoria de la agencia administrativa y debe poner fin a la controversia ante el organismo, sin dejar asunto pendiente alguno. *Bird Const. Corp. v. A.E.E.,* 152 DPR 928, 935-936 (2000); *J. Exam. Tec. Med. v. Elías, et al.,* 144 DPR 483 (1997).

Según se puede apreciar del esquema reglamentario adoptado por Corrección, la "respuesta" del (o la) Evaluador(a) no es una decisión final que pueda ser objeto de revisión ante este Tribunal. Como cuestión reglamentaria, y en la práctica, estas "respuestas" no contienen determinaciones de hecho ni conclusiones de derecho. Más importante aún, el Reglamento contempla que el confinado solicite la revisión de dicha respuesta a un "Coordinador", quien sí tiene que emitir una decisión con determinaciones de hecho y conclusiones de derecho.

Es luego de obtener la decisión del (o la) Coordinador(a), que el confinado habrá agotado los remedios administrativos a su disposición y habrá obtenido una decisión final de la agencia, capaz de revisarse por este Tribunal. Así lo resolvió este Tribunal, también, en *Rosario Vega v. Departamento de Corrección*, KLRA201600643, Sentencia de 30 de junio de 2016.

No tiene importancia ni pertinencia el que Corrección haya (mal) denominado el recurso de revisión al Coordinador como una "reconsideración". La realidad es que, sustantivamente, se trata de una apelación administrativa interna, sin lo cual no puede hablarse de que Corrección haya emitido una decisión final revisable ante este Tribunal. Véanse, por ejemplo, *Constructora Celta, Inc. v. A.P.*, 155 DPR 820 (2001); *Bird Const. Corp.*, *supra*.

En la medida que el Reglamento 8583, *supra*, contiene disposiciones que "permiten" que este Tribunal revise una respuesta emitida por un(a) Evaluador(a) (sea porque no se presentó la "revisión" o "reconsideración" ante el (o la) Coordinador(a), o porque el (o la) Coordinador(a) no la consideró oportunamente o la denegó de plano, sin las determinaciones de hecho y conclusiones de derecho correspondientes), las mismas son nulas, pues son contrarias al mandato de ley según el cual, como explicamos arriba, este Tribunal solamente puede revisar cierto tipo de decisiones "finales" de una agencia.

La jurisdicción es la autoridad que tiene el tribunal para atender en los méritos una controversia. *Maldonado v. Junta de Planificación*, 171 DPR 46, 55 (2007). La jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay. *Íd.* Los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). Los asuntos jurisdiccionales son privilegiados y deben

resolverse con preferencia a cualquier otro asunto planteado. *Carattini v. Collazo Systems Analysis, Inc.*, 158 DPR 345, 355 (2003).

Un recurso es prematuro cuando es presentado en el tribunal antes de que dicho foro tenga jurisdicción para atenderlo. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008), *Pueblo v. Santana Rodríguez*, 148 DPR 400, 402 (1999). Su presentación no produce efecto jurídico alguno, ya que la falta de jurisdicción es un defecto insubsanable. *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000). Por lo tanto, el tribunal no puede intervenir en un recurso prematuro y deberá desestimar el caso, al concluir que no hay jurisdicción. Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

III.

El recurso de referencia incumple de forma sustancial con los requisitos de nuestro Reglamento, cuyo cumplimiento era necesario para su consideración. Véanse, por ejemplo, Reglas 56-59 del Reglamento del Tribunal de Apelaciones.

La Regla 57 de nuestro Reglamento establece que el "término jurisdiccional" para presentar el recurso de revisión es de "**treinta días** contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia …" (énfasis suplido). Como este término es de carácter **jurisdiccional**, no puede ser prorrogado por justa causa. *Martínez Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000).

Por su parte, quien acude ante este Tribunal tiene la **obligación de colocarnos en posición de poder determinar si tenemos jurisdicción** para entender en el asunto y para revisar la determinación de la cual se recurre. *Morán v. Martí*, 165 DPR 356, 366-367 (2005); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90-1 (2013).

El "hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales". *Febles v. Romar*, 159 DPR 714, 722 (2003). Por lo tanto, el Recurrente venía obligado al fiel cumplimiento del trámite prescrito en las leyes y reglamentos aplicables al recurso instado ante nosotros. *Soto Pino v. Uno Radio Group, supra.* El hecho de que el Recurrente esté confinado no le concede un privilegio sobre otros litigantes en cuanto al trámite del recurso.

El escrito presentado ante nosotros por el Recurrente incumple de forma sustancial con los requisitos reglamentarios aplicables. En efecto, el Recurrente incumplió con su obligación de acreditar que este Tribunal tenga jurisdicción para entender sobre el recurso. No acredita que Corrección haya emitido una decisión revisable por nosotros, sobre el asunto que plantea, ni que se haya presentado el recurso de forma oportuna, de existir tal decisión. En particular, no se acreditó, ni alegó, que se haya solicitado reconsideración de las respuestas recibidas ni tampoco que, de haberse solicitado, el (o la) Coordinador(a) haya emitido alguna decisión al respecto.

De todas maneras, la realidad es que, de conformidad con lo claramente dispuesto en la Ley 166-2009, según enmendada, solo "en el caso de contrataciones con el sector privado" es que se "garantizará a confinadas y confinados el pago del salario mínimo estatal." 4 LPRA sec. 1643.

IV.

Por las razones que anteceden, se desestima el recurso de referencia por ausencia de jurisdicción.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones